## A. L. HERREN *v.* M. M. GAINES.

A contract in these words : " We have sold to Messrs. W. & D. all the gin-
seng we have on hand and shall collect this season or fall, amounting to
from five to eight thousand pounds, as near as we can estimate, including
all we can get," binds the seller to deliver *no particular quantity,* but only so
much as is on hand, and may be gathered in.

INJUNCTION, transferred, upon bill and demurrer, from
Spring Term 1868, of the Court of Equity for HAYWOOD.

The bill alleged that in the summer of 1865 the complain-
ant and defendant formed a partnership for merchandizing,
and particularly for dealing in ginseng in the counties of Hay-
wood, Jackson and Macon.   In October 1865 the defendant
contracted on behalf of the firm to sell a certain firm in
Baltimore "all the ginseng we have on hand and shall
collect this season or fall [amounting to from five to eight
thousand pounds as near as we can estimate, including all
we shall get,] at the rate of 68 cents per pound for prime dried
and crude, and 78 cents per pound for prime strained and
clarified," and the Baltimore parties advanced thereupon
$1,740.   Some time after the defendant informed complainant
of the sale, and the latter was displeased because the prices
were below the market rates; thereupon the defendant
remarked that he had gotten an advantage of the young men
with whom he had traded—that no definite amount of gin-
seng was contracted for, and the contract could be met by
returning the money advanced, and the delivery of what
ginseng was on hand.   At the same time the defendant pro-
posed to dissolve the partnership, and after some negotiation
the plaintiff bought his interest, and gave him therefor two
notes, for $760.40 in all.   Since then judgment has been
taken upon these notes, and defendant threatens to collect
them by execution.   At the time of his purchase from the
defendant the plaintiff did not know that the latter had bar-
gained to the firm in Baltimore any specific amount of gin-
seng,—the defendant told him that he had not so contracted,
and in the copy of the contract, which the defendant furnished

to him at that time, the words above included in brackets were purposely omitted. The plaintiff did not see the original contract until he visited Baltimore, and then the parties there obliged him to perform the contract to the *minimum* of the same, which required 3,500 pounds more than *the firm* had on hand—the market price being from $1.00 to $1.05 per pound, so that he lost by the operation $945, &c.

The preliminary injunction having been awarded, at the return term the defendant put in a general demurrer, which was set down for argument, and the cause transferred to this court.

*Merrimon,* for the plaintiff.

*Phillips & Battle, contra.*

READE, J. The case turns upon the construction of the following contract :

"We have sold to Messrs. W. and D. all the ginseng we have on hand and shall collect this season or Fall, amounting to from five to eight thousand pounds, as near as we can estimate, including all we shall get."

For the plaintiff it is insisted that at least five thousand pounds must be delivered. For the defendant it is insisted that no particular quantity must be delivered, but only so much as was on hand and might be gathered in. Our opinion is with the defendant.

In *Guillem* v. *Daniel,* 2. M. & Ros. 61, the contract was to deliver " all the naphtha that the defendant might make from 1st day of June next, for and during the term of two years, say from 1,000 to 1,200 gallons per month."

The defendant, instead of delivering 10,000 in ten months, which was the minimum amount mentioned, delivered but 3,000, which was all he made. For the plaintiff it was insisted that the defendant was bound to deliver at least 1,000 gallons per month. For the defendant it was insisted that he was not bound to deliver any particular quantity, but only as much as he made. And the court was of opinion with the defendant. Lord Abinger, C. B., said: "I construe it in favor of the

defendants as meaning merely that in all probability the quantity of naphtha produced will amount to 1,000 or 1,200 gallons." And so the contract in reality was this: "I under-take to sell you all the naphtha that I may make in my works during the next two years."

In the case of *Leeming* v. *Snaith,* 16 Ad. & E., 71 E. C. L. R. 273, the contract was that the defendant sold to plaintiff " what he may pull, say not less than 100 packs of combing-skin." " Combing-skin " is a kind of wool, and the defendant was a puller, or preparer for sale, of the article. He delivered a small quantity, but did not deliver 100 packs. In this case the court cited the case of *Guillem* v. *Daniel, supra,* and approved it, but distinguished this case from it by reason of the words " not less than 100 packs," which made it necessary that the defendant should deliver 100 packs.

In the case before us the substance of the contract evidently was, that all the ginseng on hand, and all that might be gathered during the season, whether much or little, should be delivered, and " amounting to from five to eight thousand pounds, as near as we can estimate," were words of mere expectation, indicating not what was *obliged* to be delivered, but what was *expected* to be delivered.

If therefore in construing the original contract the words " amounting to from five to eight thousand pounds, as near as we can estimate, " amount to nothing, and may be treated as surplusage, the leaving these words out of the copy sent by the defendant to the plaintiff was no fraud upon him.

The plaintiff's supposed equity, being based upon this alleged fraud of the defendant, fails.

The injunction will be dissolved, the demurrer sustained, and the bill dismissed with costs.

PER CURIAM.                           Bill dismissed.